## ADAM SHOLL

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

MINES—*whose duty to report accident.* Under section 9 of ch. 93, Rev. Stat. 1874, relating to mines, as amended by the act of May 11, 1877, the person whose duty it is made to report any accident in any mine or colliery causing loss of life or serious personal injury, to the mine inspector, etc., and upon whom a fine is imposed for neglect of such duty, is the one who has the immediate personal charge of the mine or colliery. The owner and operator of the mine or his agent is not within the penalty unless he has the personal charge of the mine.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. HENRY C. FULLER, for the appellant.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a prosecution under § 9, chap. 93, Rev. Stat. 1874, p. 706, as amended by the act of May 11, 1877. Laws 1877, p. 141, § 9.

The statute provides for an inspection of mines by the county surveyors of each county, who are constituted *ex officio* inspectors of mines within their respective counties. Section 9 provides that whenever loss of life or serious personal injury shall occur, by reason of any accident, in any coal mine or colliery, it shall be the duty of the person having charge of such coal mine or colliery, to report the facts thereof without delay to the mine inspector, etc., and if any person is killed, to notify the coroner; and that the inspector shall immediately go to the scene of the accident, and make suggestions and render assistance, and investigate and ascertain the cause of the accident; and provides that the failure of the person in charge of the coal mine or colliery to give notice to the inspector or coroner, as thus required, shall subject such person to a fine, etc.

The question presented is, whether the defendant here was the person having charge of the coal mine, within the meaning of this section of the statute. The suit was for the recovery of a fine under this section.

The evidence bearing upon the point was as follows:

James Sholl sworn and examined: Am a son of defendant. Defendant owns the coal bank and controls it. I am the general manager of the business; receive a salary. Joseph Sholl runs the bank, employs the men, etc. My father owns and operates the mine. Defendant had not been near the bank for six months prior to the explosion. He had been off on a trip to New Orleans, and I know heard nothing about the explosion until several days after it happened.

*Question*—Do you know where the defendant was at the time the explosion took place?

*The Court*—Oh, well, if the defendant was the owner and general operator he is liable.

This observation of the court was excepted to.

There was previous evidence that Joseph Sholl was in charge of the coal bank at the time of the explosion.

The court gave to the jury the following instruction on the part of the people:

" The jury are instructed that the law makes the person in charge of the mine responsible for neglecting to report an accident, and the meaning of such law is not that such person shall be actually present at such mine, but one who operates the mine and carries on the business is, in the meaning of the law, in charge of such mine, and it is the duty of such person to make the report of any accident occurring in such mine to the mine inspector."

And refused the following instruction asked for the defendant:

" The jury are also instructed, that the meaning of the phrase, ' person in charge,' as found in the section of the statute which is in question in this case, means the person who has the immediate personal charge of the mine."

There are three several preceding penal sections in this act, §§ 4, 5, 6. In each of these it names " the owner or agent" as the persons to observe the requirements, and to be subject to the penalties therein mentioned. But section 9, appellant's counsel urges, has a different object. To comply with it requires immediate action. Therefore, instead of attaching guilt to the " owner or agent" for the neglect to give the notice, the section shifts it to " the person in charge," thus indicating that the latter person is not the same as the owner, or the one having the mine worked. We concur in this view.

Whenever loss of life or serious personal injury occurs by reason of any accident in or about a coal mine or colliery, it

is by this section 9 made the duty of the person having
charge of the same to report the facts of the accident with-
out delay to the mine inspector, and if any person is killed
to notify the coroner also; and the mine inspector, if he deems
it necessary, is to go immediately to the scene of the accident
and render assistance, etc., and to investigate the cause of the
accident. This is action which is required immediately upon
the happening of the accident.

The owner or the person operating the mine might, and
quite likely would be, at the time of such an accident, far away
from the place of its occurrence, perhaps in another State or
country, so that it would be impossible for him to make and
give the immediate report and notice required of the accident.
Hence, the duty of taking this immediate action, upon the
occurrence of an accident is not imposed upon the "owner or
agent" of the mine, but it is imposed upon "the person in
charge" of the coal mine or colliery—the one upon the ground
at the time, or presumably so—who would have immediate
knowledge of the accident, and would be able to make the
immediate report, and give the immediate notice which the
statute requires.

Upon such a person the penalty of the statute might well
be imposed for failure in this duty of immediate action upon
an accident. But it would be unreasonable that the owner
operating the mine through the agency of others, and not
having the opportunity of knowing of an accident at the time
of its occurrence, should be subjected to a penalty for not
making immediate report of the facts of the accident.

The 9th section consistently and very properly drops the
words "owner or agent," which had been employed in the
preceding §§ 4, 5 and 6, and requires the acts to be done
in § 9 to be performed not by the "owner or agent," as in the
prior sections, but by the "person in charge," and imposes
the penalty for the non-performance on the person in charge,
and not upon the owner or agent, as in the other sections.

We are of opinion that the defendant in this case, as shown by the evidence, was not the person in charge of the mine, and so subject to the penalty of this 9th section, within the contemplation of the statute ; and that the court erred in giving the instruction it did, and in not giving the one asked for the defendant.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*